Chief Judge Marsha J. Pechman

13-CR-00374-PLAGR

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOV 27 2013

| UNITED STATES OF AMERICA, | NO. CR13-374MJP |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| JONATHAN PARK, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and C. Andrew Colasurdo, Assistant United States Attorney for said District, and the defendant, Jonathan Park, and his attorney, Nancy Tenney, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to one count of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, as charged in the Information. By entering this plea of guilty, Defendant hereby waives all objections to

PLEA AGREEMENT - 1
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

**3. Elements of the Offense.** Defendant understands that the elements of the offense of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, as charged in Count 1 of the Information, are as follows:

    a. Defendant, together with others, knowingly devised and carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

    b. Defendant knew that the statements or promises were false;

    c. The statements or promises were material, that is they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

    d. Defendant and others acted with the intent to defraud; and

    e. The financial institution was federally insured.

**4. The Penalties.** Defendant understands that the statutory penalties for the offense of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, as charged in Count 1 of the Information, are as follows:

    a. Imprisonment for up to thirty years;

    b. A fine of up to $1,000,000.00;

    c. A period of supervision following release from prison of up to five years; and

    d. A $100.00 penalty assessment.

If Defendant receives a sentence of probation, the probationary period could be up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

PLEA AGREEMENT - 2
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

PLEA AGREEMENT - 3
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

PLEA AGREEMENT - 4
United States v. Jonathan Park, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

  7. **Sentencing Factors.** The parties agree and stipulate that the following Sentencing Guidelines provisions apply to this case:

  a. The base offense level is 7 because the offense of Bank Fraud is punishable by 30 years of imprisonment (USSG § 2B1.1(a)(1));

  b. A 12-level upward adjustment applies because the loss amount exceeded $200,000 (USSG § 2B1.1(b)(1)(G));

  c. A 2-level upward adjustment applies because Defendant abused a position of trust (USSG § 3B1.3); and

  d. As explained in paragraph 14, a 3-level downward adjustment will apply if the United States remains satisfied that Defendant has accepted responsibility for his conduct (USSG § 3E1.1(a) and (b)).

  The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

  8. **Sentence Recommendation.** The United States will recommend a term of imprisonment no greater than the low-end of the Guidelines range.

  9. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

  10. **Statement of Facts.** The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense.

> In early 2007 and continuing until on or about December 31, 2007, Defendant and a co-schemer knowingly devised and executed a scheme and artifice to defraud Pacific International (PI) Bank, and obtained moneys and

PLEA AGREEMENT - 5
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

funds from PI Bank by means of materially false and fraudulent pretenses, representations and promises in connection with a small business loan.

At the time the scheme and artifice was devised and executed, Defendant was employed as a Business Development Officer (BDO) / Loan Officer for PI Bank and the co-schemer was working as a Real Estate Agent with RE/MAX. The small business loan issued by PI Bank, based on the fraudulent representations made by Defendant and the co-schemer, was used to purchase the Ballinger Way Market (BWM) a small parcel of land and the gas station and mini mart occupying that parcel of land.

To execute the scheme and artifice to defraud, Defendant prepared and submitted a small business loan application that included the following two misrepresentations: (1) that a down payment had been made in the amount of $385,000, when in truth and in fact no such down payment had been made; and (2) that the business/property had been appraised at $2,100,000 when in truth and in fact the true appraised value was $1,700,000.

Regarding the down payment, Defendant obtained a check from the named buyer and used that check to make it appear as though the named buyer had made a down payment in the amount of $385,000, when in fact no such down payment was made. To accomplish this, Defendant and the co-schemer did the following: (1) Defendant obtained a signed check from the named buyer in the amount of $385,000, (2) Defendant copied the front of the check and gave that copy to the co-schemer; (3) the co-schemer copied the backside of a different check that had been processed and attached it to a document with the copy of the named buyer's signed check for $385,000 in order to make it appear as though the required down payment of $385,000 had been processed and deposited into escrow, when in fact no money had changed hands, (4) the co-schemer gave Defendant the document supporting this fabricated down payment, and (5) Defendant included this document in the small business loan application that was ultimately reviewed and approved by officials at PI Bank.

Regarding the appraisal, an appraiser with Newcastle Valuations appraised the business/property at $1,700,000. Upon receiving the appraisal, Defendant and the co-schemer contacted the appraiser and asked him to increase the appraised value from $1,700,000 to $2,100,000. When the appraiser refused to increase his appraisal, Defendant forwarded a PDF file version of the appraisal to the co-schemer and instructed the co-schemer to

PLEA AGREEMENT - 6
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

alter it. The co-schemer then altered the appraisal by, among other things, increasing the appraised value from $1,700,000 to $2,100,000, without the permission or authorization of the appraiser. The co-schemer then returned the altered/inflated appraisal back to Defendant, who included it in the small business loan application that was ultimately reviewed and approved by officials at PI Bank.

Ultimately, their misrepresentations, both singularly and collectively, caused PI Bank to approve the small business loan and to disburse $1,859,300 in loan proceeds on December 31, 2007. The net loss suffered by PI Bank was $334,242.27. At all relevant times, PI Bank was a federally insured financial institution.

**11. Non-Prosecution of Additional Offenses.** As part of this Plea Agreement the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

**12. Waiver of Appeal.** Defendant is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of the United States' agreement to not prosecute Defendant for all the offenses supported by the facts in this case and to recommend a sentence no greater than the low-end of the Guidelines range, and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing,

PLEA AGREEMENT - 7
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant knowingly and voluntarily agrees to waive the following rights to the full extent of the law:

  a. Any right conferred by 18 U.S.C. § 3742 to appeal the sentence imposed by the Court, including any restitution order imposed;

  b. Any right to appeal any aspect of his conviction, including any pretrial suppression matters or other pretrial dispositions of motions and other issues; and

  c. Any right to bring any collateral attack against his conviction or sentence, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  **13. Restitution.** Defendant agrees to make restitution to PI Bank in the amount of $334,242.27. Defendant's restitution obligation shall be joint and several with any other co-defendants later charged for their role in the criminal activity. Said amount shall be due and payable immediately, and shall be paid in accordance with a schedule of payments as set by the United States Probation Office and ordered by the Court.

  **14. Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of his intention to plead

PLEA AGREEMENT - 8
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

15. **Forfeiture.** Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal that was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the charged offense, and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of such offenses, that are subject to forfeiture pursuant to Title 21, United States Code, Section 853, including the following assets: a sum of money representing the proceeds obtained as a result of the offense alleged in Count 1.

Defendant agrees to fully assist the United States in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the listed property in any civil forfeiture proceeding, administrative or judicial, which may be initiated.

Defendant further agrees to provide a truthful "proffer" or "statement" regarding all of Defendant's assets and to make a full and complete disclosure of all assets in which Defendant has any interest or over which Defendant exercises control and those which are held or controlled by a nominee(s). Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States. The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible.

PLEA AGREEMENT - 9
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**16. Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce his to enter his pleas of guilty.

**17. Statute of Limitations.** In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

**18. Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.

PLEA AGREEMENT - 10
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 27th day of November, 2013.

JONATHAN PARK
Defendant

NANCY TENNEY
Attorney for Defendant

ANDREW C. FRIEDMAN
Assistant United States Attorney

C. ANDREW COLASURDO
Assistant United States Attorney

PLEA AGREEMENT - 11
*United States v. Jonathan Park*, CR13-374MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970